EXHIBIT E

# PLAINTIFF'S ANSWERS TO DEFENDANT INTERROGATORIES

EXHIBIT E

KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
email: ktkennedylaw@gmail.com
Attorney for Plaintiff

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| BRADLEY STERNFELS, | Case No: A-22-849499-C |
| | Dept. No: 3 |
| Plaintiffs, | |
| vs. | |
| COSTCO WHOLESALE CORPORATION, dba COSTCO WHOLESALE, a foreign corporation; DOES 1-10, ROES I-X, inclusive, | |
| Defendants | |

**PLAINTIFF STERNFELS'S ANSWERS TO DEFENDANT COSTCO WHOLESALE CORPORATION'S FIRST SET OF INTERROGATORIES**

The Plaintiff, BRADLEY STERNFELS, by and through his undersigned counsel, KIRK T. KENNEDY, ESQ., answers the Defendant's, COSTCO WHOLESALE CORPORATION, first set of interrogatories as follows:

INTERROGATORY NO. 1:

State your *full name*, all other names by which you have been known, your present address and your addresses for the past ten (10) years, your date of birth and social security number.

ANSWER TO INTERROGATORY NO. 1:

Bradley I. Sternfels, 4720 Wild Senna Blvd., Tampa, FL 33619; 5630 Aspen Heights Dr., Las Vegas, NV 89118; 9048 Stone Cabin Ct., Las Vegas, NV 89149; DOB 1/5/81; SSN: 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

1

INTERROGATORY NO. 2:

State the names, addresses and telephone number of *all persons with whom you have resided* from January 1, 2021, through the present.

ANSWER TO INTERROGATORY NO. 2:

Ruixin Li, 4720 Wild Senna Blvd., Tampa, FL 33619; Li Sun, 4720 Wild Senna Blvd., Tampa, FL 33619

INTERROGATORY NO. 3:

State, with specificity, all facts relating to *your interpretation* as to how the incident at issue herein occurred and how you suffered personal injury as a result of the same.

ANSWER TO INTERROGATORY NO. 3:

Walking from the customer service desk (member service) following a Costco associate from the customer service desk, next to the dining area. Casually walking following the Costco associate I feel my body sliding first hitting my left arm on one of the tables then plummeting to the right where I felt my hand hitting the floor landing with my right wrist &,hand, impacting in between the floor and body as my lower back as I hit the wet floor then leaning my shoulder to avoid from hitting my head which jerked my neck on impact, to the floor, compressing the entire right side of my body causing me physical damage and soaking wet clothing of a liquid of some sort. The store associate tried helping me up right away with his arm then I requested that I needed a few minutes to get myself up. I knew I hurt my arm because it hurt when he tried helping me up and I couldn't grip his hand. After a few minutes I was able to climb up using the table and I sat down on the bench of the table. The associate got napkins and the manager, after when I decided to file a report. The associate offered to call an ambulance but I didn't feel that it was a life threatening emergency and I would go to the closest urgent care or ER that had an X-ray machine. Then I had my wife drive me to the UMC Quick Care on Sunset. which was within the same vicinity as the Costco store that we found on our phone before leaving . There was a short period of time that I spent sitting there in Costco resting and I just kept

feeling my back radiating with pain from the right side of my body. I filed the report then went directly to the UMC Urgent Care there in Henderson, NV.

INTERROGATORY NO. 4:

If you claim to have suffered *personal injuries* as a result of the incident that is the subject of this action, list all such injuries or ailments and symptoms experienced by you.

ANSWER TO INTERROGATORY NO. 4:

Left arm bruised, right hand and right wrist now needs surgery; strain to the right shoulder, right and center lower lumbar damage, and nerve damage on right side of body. Also nerve damage to the back of the neck. These injury complaints are documented in my Rule 16.1 document disclosures.

INTERROGATORY NO. 5:

List all injuries, symptoms or ailments enumerated in the answer to Interrogatory No. 4 which you had *prior* to the incident which is the subject matter of this action.

ANSWER TO INTERROGATORY NO. 5:

I had muscle spasms in my upper back which I had gotten trigger point injections that helped the spasms go away in the past.

INTERROGATORY NO. 6:

Give the date and place of *each accident/incident* which *pre-date* the incident that is the subject matter of this action, wherein you sustained any injuries whatsoever which required or resulted in any medical care, consultation, examination or treatment, and further state the nature of the injuries or symptoms, the name, address and telephone number of each doctor and each hospital from which you received such care, consultation, examination or treatment, and whether any such injuries left residual symptoms which had not disappeared at the time of the subject accident or incident.

ANSWER TO INTERROGATORY NO. 6: In 2017, I was sleepwalking at home and slipped on the stairs. This injured my left foot and tailbone area. I did receive treatment at

3

the University of Tennessee with Dr. Charles Blake (now retired). No other accidents to disclose.

**INTERROGATORY NO. 7:**

Give the date and place of *each accident/incident* which *post-date* the incident that is the subject matter of this action, wherein you sustained any injuries whatsoever which required or resulted in any medical care, consultation, examination or treatment, and further state the nature of the injuries or symptoms, the name, address and telephone number of each doctor and each hospital from which you received such care, consultation, examination or treatment, and whether any such injuries left residual symptoms which you are still experiencing.

**ANSWER TO INTERROGATORY NO. 7:**

None.

**INTERROGATORY NO. 8:**

State your business or *occupation* during the past ten (10) years, and further state the name, address and telephone number of your place of work or business during this period.

**ANSWER TO INTERROGATORY NO. 8:**

Corporate chef to Sheldon & Dr. Miriam Adelson of Las Vegas Sands Corp, and current CEO Robert Goldstien including corporate executives and administrative staff. I worked there until the accident in October, 2021. After a short period of time, I could not return to work and went out on short term disability, which is now being converted to long term disability, due to the Costco incident.

**INTERROGATORY NO. 9:**

State the amount of *past loss of salary*, compensation or income as a result of the accident or incident which is the subject matter of this action, and further state the total amount of time lost from your employment, business or occupation since the accident or incident solely by reason of injuries suffered in said accident, and the date you returned to work, if applicable.

**ANSWER TO INTERROGATORY NO. 9:**

4

After the accident, I was not able to return to work in a full time capacity. I actually applied for and received short term disability benefits, due to my health condition related to the Costco incident. I have now been out of work continuously since October, 2021 to the present, all related to the fall I suffered at Costco in October, 2021. I have not been able to return to work due to my health condition.

Regarding my income history with Las Vegas Sands, note the following

2017- gross income of $84,250

2018-gross income of $87,074

2019-gross income of $91,861

2020-gross income of $93,656

2021-gross income of $73,063.

I have not worked in a full time capacity since the October, 2021, accident at Costco, and this status continues to the present date. =

INTERROGATORY NO. 10:

State the amount of *future loss in salary*, compensation, income or earning capacity as a result of the accident or incident which is the subject matter of this action and the basis for your claim.

ANSWER TO INTERROGATORY NO. 10:

I haven't even reached the peak of my profession with the high caliber clientele that I currently have and could have had with my background the opportunities I have lost would have been in the millions coming from cooking for billionaires sitting presidents and royalty. I would estimate that my future lost salary, given my age, profession and current condition, would exceed $1,000,000 ($100,000 per year for the next 10 years of employment). This is subject to further discovery as the case proceeds and I may supplement this answer as appropriate.

INTERROGATORY NO. 11:

List in detail all *medical expenses* that you have incurred solely by reason of the incident which is the subject matter of this action.

ANSWER TO INTERROGATORY NO. 11:

| | |
|---|---|
| 1. Neck and Back Clinic | $9,690 |
| 2. Precision Pain Center | $4,229 |
| 3. Dr. Randa Bascharon, M.D. Orthopedic & Sports Medicine | $7,500 (plus undetermined surgery estimate) |
| 4. Dynamic Spine & Sport Rehabilitation | $3,781 |
| 5. UMC Quick Care-Sunset | $3,800 |
| 6. Florida Orthopedic Institute | $ongoing at this time with surgery Recommendation pending. |

I am now residing in the Tampa, Florida area and my treatment is continuing with the Florida Orthopedic Institute. The treatment billing for this provider will be supplemented as Plaintiff's treatment is ongoing.

INTERROGATORY NO. 12:

List in detail all *non-medical expenses* that you have incurred solely by reason of the incident which is the subject matter of this action.

ANSWER TO INTERROGATORY NO. 12:

I have exhausted my short-term disability and haven't gotten paid since that time. Also the loss of what is matched in my 401k I currently had been putting away. And haven't had any income since the end of my short term disability. No company% Bonus or yearly increase of living Pay increase.

**These lost income numbers total:** Lost Income and benefits in excess of $1,000,000, which includes lost future income as well.

INTERROGATORY NO. 13:

List in detail all expenses that you have incurred solely by reason of the incident which is the subject matter of this action specifically related to your claims of *emotional distress*, depression or other similar mental/emotional condition.

ANSWER TO INTERROGATORY NO. 13:

I havee not been able to utilize the tool of the bariatric sleeve that I had waited so long in

6

my life to get and finally got it and now I am not physically able to participate in the amount of physical activity that I had planned to since one the amount of pain I am enduring and two the time I have to take to go see different doctors and do different therapies just to get to the next day.

**I would estimate that these expenses total:** excess of $100,000

INTERROGATORY NO. 14:

Identify all physicians, *therapists, counselors*, clergy or other persons with whom you have consulted for any emotional distress, depression or similar mental/emotional condition which you relate to the incident at issue by name, address and telephone number.

ANSWER TO INTERROGATORY NO. 14:

None at this time.

INTERROGATORY NO. 15:

Identify and describe, with specificity, all conduct by defendants which you contend was *extreme and outrageous* with either reckless disregard or intent to cause the emotional distress. This should include, but is not limited to, a specific description of the actions or conduct by each defendant, the date of the actions or conduct and the location of the actions or conduct.

ANSWER TO INTERROGATORY NO. 15:

The Defendant's agents failed to properly clean and maintain a major walkway area where customers come into and out of the Costco store. The fall I suffered was a complete surprise and should not have happened, given Costco's own policies about cleaning and maintaining the floor areas. I believe it was extreme and outrageous that they allowed this condition to exist unchecked.

INTERROGATORY NO. 16:

Describe with specificity all facts, documents, tangible evidence and witnesses (by name, address and telephone number) who support your claim that each individual defendant engaged in *oppressive, fraudulent and/or malicious behavior*, expressed or

implied. This should include, but is not limited to, a specific description of the actions or conduct by each defendant, the date of the actions or conduct and the location of the actions or conduct.

ANSWER TO INTERROGATORY NO. 16:

None at this time.

INTERROGATORY NO. 17:

If you are making a claim for money damages based on your conscious *pain and suffering*, state the nature and duration of the damages being claimed.

ANSWER TO INTERROGATORY NO. 17:

My life has changed forever by this incident. I believe my pain and suffering damages exceed $1,000,000 for this matter. Of course, I am not an expert on damages evaluation, this is how I feel though about the matter.

INTERROGATORY NO. 18:

Identify all persons known to you, by name, address and telephone number, which support your claim for *pain and suffering*.

ANSWER TO INTERROGATORY NO. 18:

All the witnesses I disclosed in my Rule 16.1 production, to wit:

1. Bradley Sternfels, c/o Kirk T. Kennedy, Esq., 815 S. Casino Center Blvd., Las Vegas, NV 89101- Plaintiff will testify regarding facts and circumstances of his complaint.

2. Alfred Hess, M.D., Florida Orthopedic Institute, 721 West Robertson St., Brandon, FL 33511-4934; (813) 633-0286-Witness will testify regarding medical treatment of Plaintiff.

3. Keith M. Lewis, M.D., OpenSided MRI, 600 Rancho Drive, Ste. 101, Las Vegas, NV 89106 (702) 932-2740-Witness will testify regarding medical treatment of Plaintiff.

4. PMK, Lake Mead Radiologists, 2559 Wigwam Pkwy., Henderson, NV 89074, (702) 982-3659- Witness will testify regarding medical treatment of Plaintiff.

5. Joseph E. Indrieri, MSPT, DPT, Dynamic Spine & Sport Rehabilitation, 8951 W. Sahara Ave., Ste. 190, Las Vegas, NV 89117, (702) 685-1607-Witness will testify

regarding medical treatment of Plaintiff

6. Stuart Baird, M.D., Precision Pain Center, 7380 W. Sahara Ave., Ste. 160, Las Vegas, NV 89117, (702) 779-6800- Witness will testify regarding medical treatment of Plaintiff

7. Dr. Randa Bascharon, M.D., Orthopedic & Sports Medicine Institute, 7281 W. Sahara Ave., Ste. 110, Las Vegas, NV 89117, (702) 947-7790- Witness will testify regarding medical treatment of Plaintiff.

8. Kevin Hung, D.C., Neck and Back Clinic, P.O. Box 36853, Las Vegas, NV 89133, (702) 644-3333-Witness will testify regarding medical treatment of Plaintiff.

This list of witnesses will be supplemented as discovery is ongoing.

**INTERROGATORY NO. 19:**

In your Complaint you allege that "Defendant negligently, recklessly and unreasonably failed to provide any warning, notice or other indication to Plaintiff regarding the existence of the liquid substance on the floor." Please describe with particularity all tangible evidence and witnesses by name and contact information who support or refute this allegation.

**ANSWER TO INTERROGATORY NO. 19:**

The security video provided by Costco shows the entire incident and the nature of the fall. It also shows the Costco employee rushing to get paper towels to wipe up the area that I fell. This proves that there was a liquid substance on the floor where I fell and Costco failed to maintain the area. There were no signs on the floor indicating a spill or wet floor area. Also, Costco has records showing they check the floor areas, however, clearly their agents did not check this area prior to my unexpected fall to the floor.

**INTERROGATORY NO. 20:**

Describe with particularity how any Costco employee, agent or other related person/entity *created or caused the liquid* to be present on the floor. Identify all tangible evidence and witnesses by name and contact information of any witnesses who support or refute this allegation.

**ANSWER TO INTERROGATORY NO. 20:**

First no warning sign, lack of responsibilities of each team member to be aware of there

9

surroundings especially the management and customer service represenatives. Working in a large property has taught me to take ownership of anything and I mean anything that has to do with it physically while I am physically there and its reputation in the public being in the back hall or in the front where the customers are, especially. I haven't stopped shopping at your stores because you hold your reputation of keeping the best products available to its members. Why can't you keep the standard of cleanliness the same?

INTERROGATORY NO. 21:

Describe with particularity how *Costco had actual notice of the liquid* on the floor prior to you encountering it. Identify all tangible evidence and witnesses by name and contact information of any witnesses who support or refute this allegation.

ANSWER TO INTERROGATORY NO. 21:

The lack of keeping track of the area properly, the video recording and it being in the busiest area of the store, between the exit and the checkout line next to the customer/member services desk. Costco was clearly on notice of the floor's condition, after all, it is the Defendant's store and it is responsible for all fixtures, conditions and items under its control or oversight.

INTERROGATORY NO. 22:

Describe with particularity *how long the liquid on the floor was present* before you encountered it. Identify all tangible evidence and witnesses by name and contact information of any witnesses who support or refute this allegation.

ANSWER TO INTERROGATORY NO. 22:

I don't have that evidence at this time. The video surveillance may provide better insight on what spilled onto the floor and when it occurred.

INTERROGATORY NO. 23:

Have you ever filed for *bankruptcy protection*? If so, please identify the date of filing, the jurisdiction in which you filed, the case number and the status of the bankruptcy proceedings.

ANSWER TO INTERROGATORY NO. 23:

No

**INTERROGATORY NO. 24:**

Have you ever filed a *worker's compensation* claim? If so, give the nature of the injury, date of the injury, your employer and whether or not you were provided any benefits.

**ANSWER TO INTERROGATORY NO. 24:** None.

**INTERROGATORY NO. 25:**

Are you a *Medicare Beneficiary*? If so, provide the following information:

a. Your social security number, your health information claim number.

b. Identify if you have notified Medicare's Coordination of Benefits Contractor ("COBC") of your claim, and if so the date of notification.

c. If you have been issued a rights and responsibilities letter, and if so the date of the issuance.

d. If you have been issued a conditional payment letter, and if so the date of the letter.

e. If you, or anyone on your behalf, has negotiated or determined what payments may be subject to the Medicare claim, and if so provide the amounts and services determined to be included.

**ANSWER TO INTERROGATORY NO. 25:**

None.

**INTERROGATORY NO. 26:**

Are you claiming that as a result of the incident at issue you and your family was forced to seek *assistance from family, friends*, state or federal agencies? If so, please identify all assistance provided by any person or entity by type of assistance (monetary, food, housing, etc.), date of assistance and all persons by name, address and telephone number that will support this claim.

**ANSWER TO INTERROGATORY NO. 26:**

None.

INTERROGATORY NO. 27:

Do you, your attorney, or any of your other representatives have in your possession or under your control, any notes, reports of conversations, phonetic recordings of conversations, stenographic verbatim reports of conversations, transcriptions of phonetic recordings or any other memoranda whatsoever related or *communicated by Defendants* or *any witness* which pertain in any manner to this accident or incident or to the issues arising therefrom? If so, identify each by name, description, location and person responsible for maintaining the same.

ANSWER TO INTERROGATORY NO. 27:

No.

INTERROGATORY NO. 28:

State the name, address and telephone number of all *non-expert witnesses* you intend to call at the trial of this matter. For each such person state the subject matter on which they are expected to testify.

ANSWER TO INTERROGATORY NO. 28:

See answer to interrogatory number 18.

INTERROGATORY NO. 29:

State the name, address and telephone number of each *expert* you intend to call at trial of this matter. For each such expert state the subject matter on which they are expected to testify, the opinions to which they are expected to testify and all lawsuits for which he/she has served as an expert over the last four (4) years by case name, case number and jurisdiction.

ANSWER TO INTERROGATORY NO. 29:

No retained experts at this time.

INTERROGATORY NO. 30:

State the full name, business address and telephone number for *each physician* seen by plaintiff *prior* to the incident in the present litigation.

ANSWER TO INTERROGATORY NO. 30:

In 2017, I saw Dr. Charles Blake with the University of Tennessee Medical Center for treatment after the sleepwalking incident. He is now retired and I don't have his contact information.

I received trigger point injections from Dr. Jay Mahajan with the Las Vegas Neurology Center , 702-432-2233 in the past-2020 Wellness Way Ste. 300, Las Vegas, NV 89106;

I had gastric sleeve/bariatric surgery performed by Dr. Darren Soong with the Surgical Weight Loss Center in 2021, his phone is 702-416-9956- 2850 Horizon Ridge Pkwy, Ste. 100, Henderson, NV 89052;

I also saw a Dr. Conan Parke with Advanced Care Foot & Ankle Center, for evaluation and care related to my left foot injury from 2017. Dr. Parke's number is 702-243-3668 located at 2641 Box Canyon Drive, Las Vegas, NV 89128.

INTERROGATORY NO. 31:

Identify *all surgeries* received by plaintiff *prior* to the date of the incident at issue in the present litigation by date, name of surgeon, type of surgery and ailment/condition which required surgery.

ANSWER TO INTERROGATORY NO. 31:

In 2017, I had a sleepwalking incident and I fell down some stairs in my home. I injured my left foot and tailbone area. I received treatment from providers in Tennessee where I visited to stay with my family and get treatment for the left foot/tailbone area.

Also, I have received trigger point injections for my back area due to my excess weight issue. In 2021 I had bariatric/gastric sleeve surgery for weight reduction in Las Vegas as well.

INTERROGATORY NO. 32:

Please identify the unique *Facebook identification number*, the name under which the account is registered, the approximate or specific date on which the account was created, the email address associated with the account, and the vanity URL associated with the account (if any).

13

ANSWER TO INTERROGATORY NO. 32: Plaintiff objects to this interrogatory request as the interrogatory is overly burdensome, unreasonable and not likely to lead to the disclosure of any relevant or admissible evidence. However, while reserving those objections, Plaintiff states as follows:

Bradley Sternfels Social Media; Feel free to Google me

Facebook - Bradley Sternfels

Instagram - Bradley Sternfels

LinkedIN - Bradley Sternfels

Email - Bsternfels@outlook.com; Bsternfels@me.com Sternfelsb@gmail.com; Bradlasv@aol.com

INTERROGATORY NO. 33:

Identify all *other social media account/pages* (LinkedIn, Instagram, Twitter, etc.), whether personal or professional, by unique identification number, the name under which the account is registered, the date of creation and the email address associated with the account.

ANSWER TO INTERROGATORY NO. 33:

None.

_____
BRADLEY STERNFELS

## VERIFICATION

STATE OF ~~NEVADA~~ FLORIDA )
                             ) SS:
COUNTY OF ~~CLARK~~ Hillsborough )

Under penalties of perjury, I, Bradley Sternfels, affirm under oath that I have read the foregoing answers to interrogatories and I believe them to be true and as to those matters stated on information and belief, I also believe them to be true.

_____
BRADLEY STERNFELS

SUBSCRIBED TO AND SWORN
before me on this 8th day of July, 2022.

_____
NOTARY PUBLIC for this State

Mariella Crapanzano
Notary Public
State of Florida
My Commission Expires 05/07/2023
Commission No. GG 332021

## CERTIFICATE OF SERVICE

I hereby affirm that on this 11 day of July, 2022, I mailed via first class U.S. Mail and served via electronic service a copy of the foregoing to the Defendant at the addresses below:

Edgar Carranza, Esq.
Backus, Carranza & Burden
3050 S. Durango Drive
Las Vegas, NV 89117

/s/Kirk T. Kennedy
Law Office of Kirk T. Kennedy

15