UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADLEY STERNFELS,<br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>COSTCO WHOLESALE CORPORATION,<br>dba COSTCO WHOLESALE,<br>　　　　　　　　　　　Defendant. | Case No. 2:22-cv-01291-JCM-DJA<br><br>ORDER |

Presently before the court is plaintiff Bradley Sternfels's ("Sternfels") motion to remand. (ECF No. 4). Defendant Costco Wholesale Corporation, d/b/a Costco Wholesale, a foreign corporation ("Costco") filed a response (ECF No. 6). Sternfels has not filed a reply, and the time to do so has now passed.

**I.　Background**

The instant action arises from Sternfels's slipping and falling while shopping at one of Costco's retail stores on October 3, 2021 (the "accident"). (ECF No. 6 at 2). Sternfels served Costco with his initial complaint on March 10, 2022, which he then amended on April 18, 2022. (*Id.*). In that amended complaint, Sternfels seeks $15,000 in general damages, $15,000 in special damages, and $15,000 in future special damages, as well as attorneys' fees, and cost of suit. (*Id.*). On May 4, 2022, Sternfels served Costco his initial Nevada Rules of Civil Procedure 16.1 disclosures, seeking $25,200 in medical damages, $1,000,000 in lost wages, and $250,000 in general damages. (*Id.*). On July 6, 2022, Sternfels's first supplemental disclosures revised his medical damages to $39,000. (*Id.* at 3).

1

On July 11, 2022, Sternfels served Costco with answers to interrogatories, wherein Sternfels states he had not been back to work since the accident, that he applied for and received short term disability benefits, and that he anticipated losing over $1,000,000 from his inability to work for the next ten years. (*Id.* at 6). Costco removed this case on August 11, 2022, based on diversity jurisdiction. (ECF No. 1).

Sternfels now moves to remand this action on the ground that Costco failed to remove the case within the thirty-day removal period set forth in 28 U.S.C. § 1446(b), which he contends began on May 4, 2022, with the service of the initial disclosures. (ECF No. 4 at 3).

**II.    Legal Standard**

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invests., Inc*. 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

2

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

**III.   Discussion**

As an initial matter, the parties do not dispute the diversity of their citizenship. Rather, they dispute only whether Costco's removal was timely.

Sternfels argues Costco's thirty-day removal period began to run on May 4, 2022—the day Sternfels served Costco with initial disclosures that included an estimation of $1,275,200 in damages. (ECF Nos. 4 at 3; 4-1). Costco argues it was not on notice of removability until it received the June 11, 2022, interrogatory answers that had factual support for Sternfels's claim of $1,000,000 in lost wages. (ECF No. 6 at 6).

Costco contends it could not have met its burden of proving by a preponderance of evidence that Sternfels's damages would exceed the jurisdictional minimum until it received these records. (*Id.*). However, the preponderance of evidence standard applies only "where a plaintiff has not alleged a specific amount in controversy." *Soriano v. USAA Ins. Agency, Inc.*, No. 309CVO0661RCJRAM, 2010 WL 2609045, at *2 (D. Nev. June 24, 2010) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir .1996)). Since Sternfels's initial disclosures alleged $1,275,200—a "specific amount"—in damages, the preponderance of the evidence standard for removal is irrelevant, and the relevant inquiry is whether the removal clock began with that document, or with an earlier pleading.

A defendant must remove within (a) thirty days of the initial pleading if that pleading affirmatively reveals federal diversity jurisdiction or (b) within thirty days of the first document from which a ground for removal may be ascertained. 28 U.S.C. § 1446(b). Sternfels's initial complaint does not reveal grounds for removal, so Costco's thirty-day clock began on the day it received the first document that *did* reveal evidence of removability. *See* 28 U.S.C. §1446(b)(3).

3

The Ninth Circuit has adopted an "unequivocally clear and certain" standard for removals under 28 U.S.C. § 1446(b)(3). *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021). "Applying the 'unequivocally clear and certain' standard, an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins." *Id.* at 1095. Defendants are not required to conduct any inquiries with respect to an indeterminate paper, and a defendant's subjective knowledge is not determinative. *See id.* at 1091, 1094.

Here, Sternfels's May 4, 2022, initial disclosures placed Costco on notice that the amount in controversy exceeded the jurisdictional minimum. Sternfels provided Costco a clear and unequivocal statement of special damages, medical damages, and lost wages sought. Simple calculation by Costco would have revealed an amount in controversy of at least $1,275,200 in damages. (ECF No. 4 at 3). Costco's subjective skepticism as to Sternfels's damages claims does not rebut that it could easily ascertain at the time that the amount in controversy exceeded $75,000 as of May 4, 2022. Thus, its August 11, 2022, removal was more than two months late.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Sternfels's motion to remand (ECF No. 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, and CLOSE this case.

DATED THIS 4th day of November 2022.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

4